Exhibit 1

# COMMONWEALTH OF VIRGINIA



ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Virginia:                                    Proof of Service
In the ROANOKE CITY CIRCUIT COURT

Case number: 70CL20002026-0
Service number: 001
Service filed: September 09, 202?
Judge:

Served by: SPECIAL PROCESS SERVER
Style of case: GARY M BOWMAN vs CITIBANK N A
Service on: CITIBANK, N.A.
           ATTN: KELLY UMSTATT
           CITIBANK NA LEGAL SERVICES
           5800 SOUTH CORPORATE PLACE
           SIOUX FALLS SD 57108

Attorney: GARY M BOWMAN
          540-343-1173

Instructions: SEE THE ATTACHED COMPLAINT, MOTION FOR TEMPORARY INJUNCTION, AND
DECLARATION OF GARY M. BOWMAN

Returns shall be made hereon, showing service of Summons issued Thursday, September 10, 2020 with a copy
Complaint filed Wednesday, September 09, 2020 attached.

Hearing date  :
Service issued: Thursday, September 10, 2020

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA



ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Summons

To: CITIBANK, N.A.
ATTN: KELLY UMSTATT
CITIBANK NA LEGAL SERVICES
5800 SOUTH CORPORATE PLACE
SIOUX FALLS SD 57108

Case No. 770CL2000202?

The party upon whom this summons and the attached complaint are served is hereby no
that unless within 21 days after such service, response is made by filing in the clerk's c
of this court a pleading in writing, in proper legal form, the allegations and charges ma
taken as admitted and the court may enter an order, judgment, or decree against such p
either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, September 10, 2020

Clerk of Court: BRENDA S. HAMILTON

by _____

Instructions:  SEE THE ATTACHED COMPLAINT, MOTION FOR TEMPORARY INJUNCTION
DECLARATION OF GARY M. BOWMAN

Hearing Official:

Attorney's name:  GARY M BOWMAN
540-343-1173

# COMMONWEALTH OF VIRGINIA



Proper attire required in Court Rooms
NO shorts
NO halters/tank tops
NO flip-flop shoes
NO t-shirts
NO hats
NO food, drinks or gum
NO cell phones in Courthouse

## ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

### Summons

To: CITIBANK, N.A.
    ATTN: KELLY UMSTATT
    CITIBANK NA LEGAL SERVICES
    5800 SOUTH CORPORATE PLACE
    SIOUX FALLS SD 57108

Case No. 770CL20002026-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, September 10, 2020

Clerk of Court: BRENDA S. HAMILTON

by _____
(CLERK/DEPUTY CLERK)

Instructions: SEE THE ATTACHED COMPLAINT, MOTION FOR TEMPORARY INJUNCTION, AND DECLARATION OF GARY M. BOWMAN

Hearing Official:

Attorney's name: **GARY M BOWMAN**
540-343-1173

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF ROANOKE

| | | |
|---|---|---|
| GARY M. BOWMAN, | ) | Case No. |
| Plaintiff, | ) | |
| | ) | CL20-2024 |
| v. | ) | |
| | ) | CIRCUIT COURT |
| CITIBANK, N.A., | ) | Received & Filed |
| | ) | 8:43am |
| Defendant. | ) | SEP 09 2020 |

By [signature] Caram Stapleton
Deputy Clerk
CITY OF ROANOKE

## COMPLAINT

COMES NOW the plaintiff Gary M. Bowman, by counsel, who moves this Court to enter an Injunction against Citibank, N.A. on the grounds stated herein prohibiting it from prohibiting Citibank, N.A. from paying out $108,485.04 of the funds that were transferred by Bowman to Citibank, N.A. (Routing Number ▮▮▮▮▮, Account Number ▮▮▮▮▮) on September 3, 2020 .

### Parties

1. Gary M. Bowman ("Bowman") is a resident of Roanoke, Virginia. He is a licensed attorney in Virginia.

2. Walgreen Co. is a Pennsylvania corporation that does business in the Commonwealth of Virginia.

3. Citibank, N.A. is a national bank that does business in Virginia.

4. Holarem N, Ltd. is a non-existent fictitious entity.

### Statement of Facts

5. The federal USA Patriot Act requires Citibank, N.A. to have a Customer Identification Program, 31 U.S.C. § 5318(i)(3); 12 C.F.R. §§ 208.63(b), 211.5 (m), 211.24(j); 12 C.F.R. § 326.8(b); 12 C.F.R. § 748.2(b), and to retain records of the identity of

its account holders for five years. 31 C.F.R. § 103.38(d).

6.   Upon information, Citibank, N.A. did not obtain the identity of a natural person associated with "Holarem N. Ltd.", but opened a deposit account in the name of Holarem N Ltd. in violation of 31 U.S.C. § 5318(i)(3).

7.   Citibank, N.A. and Holarem N Ltd. have conspired to use the account in the name of Halarem N Ltd. at Citibank, N.A. to facilitate financial bank, mail, and wire fraud, including cashier check fraud.  Citibank, N.A. facilitates Holarem N Ltd's fraudulent schemes by allowing it to maintain an account without proof of identity as required by the PATRIOT Act and by failing to monitor and prevent its fraudulent activity when given clear warnings and notifications that the account is being used for fraudulent and criminal activity.

8.   On or about August 19, 2020, IMPOSTER 1 (posing as Brian Zikaras, a pharmacist) contacted Plaintiff Bowman to retain Bowman to represent him in a putative (but it is now clear was a feigned dispute) with his former employer, Walgreens, Inc. IMPOSTER 2 (posing as Walgreens, Inc. Human Resources Director Kathleen Thompson Wilson).  In the period from August 19, 2020 through September 1, 2020, IMPOSTERS 1 and 2 feigned a dispute in which Plaintiff Bowman (not knowing the dispute was feigned) negotiated a settlement from IMPOSTER 2 in favor of his client IMPOSTER 2.

9.   IMPOSTERS 1 and 2 are associated with Holarem N Ltd., the holder of Citibank Account Number ▮▮▮▮▮, SWIFT Code ▮▮▮▮▮.

10.  On or about September 1, 2020, IMPOSTERS 1 and 2 caused the

issuance of a putative "Cashier's Check," drawn on BBVA USA bank to Bowman in the amount of $109,687.04.

11.   The "Cashier's Check" was for payment of a putative settlement in favor Brian Zikaras, the person whom IMPOSTER 2 impersonated.

12.   On September 3, 2020 (the Thursday before Labor Day), Bowman paid to Citibank, N.A. on behalf of Zikaras $108,485.04 by wire transfer.

13.   On September 8, 2020 (the Tuesday after Labor Day), Bowman became aware that the "Cashier's Check" was bogus and that IMPOSTERS 1 and 2 perpetrated a scheme to steal money from Bowman.

14.   Bowman's bank, American National Bank and Trust, immediately notified Citibank that the wire transfer was fraudulent.

15.   Upon information and belief, the funds that Bowman transferred to Citibank, N.A. Account Number ████████ remain in that account.

16.   Citibank, N.A. will allow Holarem N, Ltd., the perpetrators of the fraudulent scheme, to withdraw the funds if this Court does not intervene to enjoin Citibank, N.A. from transferring the funds to the perpetrators of the fraudulent "Cashier's Check" scheme.

### CLAIMS FOR RELIEF

#### (INJUNCTION)

17.   The allegations of paragraphs 1-16 are adopted herein.

18.   Citibank owes a duty to noncustomers, including Bowman, to protect them from fraudulent activity when Citibank has been

explicitly notified (as it was here by American National Bank & Trust Co.) that it is being used to facilitate fraudulent and criminal activity.

19.   It is negligent for Citibank, N.A. to ignore the clear warning and notification from American National Bank & Trust Co. that the funds transferred to it by wire on September 3, 2020 are the proceeds of fraudulent and criminal activity by its customer, the fictious entity Holarem N Ltd.

20.   Citibank, N.A. has failed to notify American National Bank & Trust Co. that it has taken any activity to stop its customer, the fictitious entity Holarem N Ltd., from withdrawing the funds transferred to it by wire on September 3, 2020 from Account Number ▇▇▇▇▇▇.

21.   Citibank, N.A. has breached its duty to Bowman by retaining the funds transferred to it by wire on September 3, 2020 from Account Number ▇▇▇▇▇▇ and allowing those funds to remain available for withdrawal by the fictitious entity Holarem N Ltd.

22.   Bowman is likely to succeed on the merits that he is the rightful owner of $59,639.12 that is in the possession of Citibank, N.A. and Holarem N Ltd.  Bowman has been injured in the amount of $59,639.12.

23.   Bowman does not have an adequate remedy at law and will suffer irreparable harm if Citibank, N.A. transfers his $59,639.12 to the perpetrators of the fraudulent scheme because he will not be able to trace and recover his money from Holarem N Ltd., a fictitious entity.

24.   The balance of equities is in Bowman's favor because he

seeks to recover his property.

25.  An injunction is in the public interest because it will remedy the criminal and fraudulent "Cashier's Check" scheme which has victimized Bowman and it will deter others from pursuing similar fraudulent schemes.

## CONCLUSION

WHEREFORE Bowman prays that this Court will issue a Permanent Injunction and a Preliminary Injunction prohibiting Citibank, N.A. from paying out $108,485.04 of the funds that were transferred by Bowman to Citibank, N.A. (Routing Number ████████, Account Number ████████) on September 8, 2020.

Respectfully Submitted,

GARY M. BOWMAN

By: _____

Gary M. Bowman, Esq.
VSB No. 28866
2728 Colonial Ave., Ste. 100
Roanoke, Virginia  24015
Tel: (540) 343-1173
gary@garymbowman.com
    *Pro Se*

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF ROANOKE

GARY M. BOWMAN,                          )     Case No.
                                         )
        Plaintiff,                       )     CL20-2026
                                         )
v.                                       )                    CIRCUIT COU...
                                         )                    Received & File
CITIBANK, N.A.,                          )                       8:43am
                                         )                    SEP 09 2020
        Defendant.                       )                    By_____
                                                              Deputy Clerk
                                                              CITY OF ROANOKi
## MOTION FOR PRELIMINARY INJUNCTION

        COMES NOW the plaintiff Gary M. Bowman, by counsel, who

moves this Court to enter a Preliminary Injunction against

Citibank, N.A. prohibiting it from prohibiting Citibank, N.A.

from paying out $108,485.04 of the funds that were transferred by

Bowman to Citibank, N.A. (Routing Number ████████, Account

Number ████████) on September 3, 2020..

### Parties

1.      Gary M. Bowman ("Bowman") is a resident of Roanoke,

Virginia.  He is a licensed attorney in Virginia.

2.      Walgreen Co. is a Pennsylvania corporation that does

business in the Commonwealth of Virginia.

3.      Citibank, N.A. is a national bank that does business in

Virginia.

4.      Holarem N, Ltd. is a non-existent fictitious entity.

### Statement of Facts

5.      The federal USA Patriot Act requires Citibank, N.A. to have

a Customer Identification Program, 31 U.S.C. § 5318(i)(3); 12

C.F.R. §§ 208.63(b), 211.5 (m), 211.24(j); 12 C.F.R. § 326.8(b);

12 C.F.R. § 748.2(b), and to retain records of the identity of

its account holders for five years. 31 C.F.R. § 103.38(d).

6.    Upon information, Citibank, N.A. did not obtain the identity of a natural person associated with "Holarem N Ltd.", but opened a deposit account in the name of Holarem N Ltd. in violation of 31 U.S.C. § 5318(i)(3).

7.    Citibank, N.A. and Holarem N Ltd. have conspired to use the account in the name of Halarem N Ltd. at Citibank, N.A. to facilitate financial bank, mail, and wire fraud, including cashier check fraud.  Citibank, N.A. facilitates Holarem N Ltd's fraudulent schemes by allowing it to maintain an account without proof of identity as required by the PATRIOT Act and by failing to monitor and prevent its fraudulent activity when given clear warnings and notifications that the account is being used for fraudulent and criminal activity.

8.    On or about August 19, 2020, IMPOSTER 1 (posing as Brian Zikaras, a pharmacist) contacted Plaintiff Bowman to retain Bowman to represent him in a putative (but it is now clear was a feigned dispute) with his former employer, Walgreens, Inc. IMPOSTER 2 (posing as Walgreens, Inc. Human Resources Director Kathleen Thompson Wilson).  In the period from August 19, 2020 through September 1, 2020, IMPOSTERS 1 and 2 feigned a dispute in which Plaintiff Bowman (not knowing the dispute was feigned) negotiated a settlement from IMPOSTER 2 in favor of his client IMPOSTER 2.

9.    IMPOSTERS 1 and 2 are associated with Holarem N Ltd., the holder of Citibank Account Number ███████, SWIFT Code ████████.

10.   On or about September 1, 2020, IMPOSTERS 1 and 2 caused the

issuance of a putative "Cashier's Check," drawn on BBVA USA bank to Bowman in the amount of $109,687.04.

11.   The "Cashier's Check" was for payment of a putative settlement in favor Brian Zikaras, the person whom IMPOSTER 2 impersonated.

12.   On September 3, 2020 (the Thursday before Labor Day), Bowman paid to Citibank, N.A. on behalf of Zikaras $108,485.04 by wire transfer.

13.   On September 8, 2020 (the Tuesday after Labor Day), Bowman became aware that the "Cashier's Check" was bogus and that IMPOSTERS 1 and 2 perpetrated a scheme to steal money from Bowman.

14.   Bowman's bank, American National Bank and Trust, immediately notified Citibank that the wire transfer was fraudulent.

15.   Upon information and belief, the funds that Bowman transferred to Citibank, N.A. Account Number ▉▉▉▉▉ remain in that account.

16.   Citibank, N.A. will allow Holarem N, Ltd., the perpetrators of the fraudulent scheme, to withdraw the funds if this Court does not intervene to enjoin Citibank, N.A. from transferring the funds to the perpetrators of the fraudulent "Cashier's Check" scheme.

### CLAIMS FOR RELIEF

### (PRELIMINARY INJUNCTION)

17.   The allegations of paragraphs 1-16 are adopted herein.

18.   Citibank owes a duty to noncustomers, including Bowman, to protect them from fraudulent activity when Citibank has been

explicitly notified (as it was here by American National Bank & Trust Co.) that it is being used to facilitate fraudulent and criminal activity.

19.  It is negligent for Citibank, N.A. to ignore the clear warning and notification from American National Bank & Trust Co. that the funds transferred to it by wire on September 3, 2020 are the proceeds of fraudulent and criminal activity by its customer, the fictious entity Holarem N Ltd.

20.  Citibank, N.A. has failed to notify American National Bank & Trust Co. that it has taken any activity to stop its customer, the fictitious entity Holarem N Ltd., from withdrawing the funds transferred to it by wire on September 3, 2020 from Account Number ███████.

21.  Citibank, N.A. has breached its duty to Bowman by retaining the funds transferred to it by wire on September 3, 2020 from Account Number ███████ and allowing those funds to remain available for withdrawal by the fictitious entity Holarem N Ltd.

22.  Bowman is likely to succeed on the merits that he is the rightful owner of $59,639.12 that is in the possession of Citibank, N.A. and Holarem N Ltd.  Bowman has been injured in the amount of $59,639.12.

23.  Bowman does not have an adequate remedy at law and will suffer irreparable harm if Citibank, N.A. transfers his $59,639.12 to the perpetrators of the fraudulent scheme because he will not be able to trace and recover his money from Holarem N Ltd., a fictitious entity.

24.  The balance of equities is in Bowman's favor because he

seeks to recover his property.

25.   An injunction is in the public interest because it will remedy the criminal and fraudulent "Cashier's Check" scheme which has victimized Bowman and it will deter others from pursuing similar fraudulent schemes.

## CONCLUSION

WHEREFORE Bowman prays that this Court will issue a Permanent Injunction and a Preliminary Injunction prohibiting Citibank, N.A. from paying out $108,485.04 of the funds that were transferred by Bowman to Citibank, N.A. (Routing Number ███████, Account Number ██████) on September 8, 2020.

Respectfully Submitted,

GARY M. BOWMAN

By: _____

Gary M. Bowman, Esq.
VSB No. 28866
2728 Colonial Ave., Ste. 100
Roanoke, Virginia  24015
Tel: (540) 343-1173
gary@garymbowman.com
        *Pro Se*

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF ROANOKE

GARY M. BOWMAN,                          )      Case No.
                                         )
        Plaintiff,                       )      CL20-2020
                                         )
v.                                       )
                                         )            CIRCUIT COUF
CITIBANK, N.A.,                          )            Received & Filer
                                         )              8:43 am
        Defendants.                      )            SEP 09 2020

### DECLARATION OF GARY M. BOWMAN

By Gary M Stanlito
Deputy Clerk

1.      I am Gary M. Bowman.  I am over 18 years of age CITY OF ROANOKE
competent to make this Declaration.

2.      I am a resident of Roanoke, Virginia.  I am a licensed
attorney in Virginia.

2.      Citibank, N.A. is a national bank that does business in
Virginia.

4.      On or about September 2, 2020, IMPOSTER 2 (posing as
Walgreens, Inc. Director of Human Resources Kathleen Thompson
Wilson) caused the issuance of a putative "Cashier's Check,"
drawn on BBVA USA bank and payable to me in the amount of
$109,687.04, as attorney for IMPOSTER 1 (posing as former
Walgreens, Inc. employee Brian Zikaras).

5.      The "Cashier's Check" was for payment of a putative
severance payment payable to Zikaras.

6.      On September 3, 2020, I instructed my bank American National
Bank & Trust Co. to wire $108,485.04 to Citibank, N.A. Account
Number ▓▓▓▓▓▓ on behalf of Zikaras.

7.      On September 8, 2020, I learned that the putative "Cashiers
Check" was not issued by Walgreen Co., was issued as part of a

fraudulent scheme, and that the "Cashiers Check" was bogus.

8.   Upon information and belief, Citibank is in possession of the $108,485.04 that was wired to Routing Number ▮▮▮▮▮▮▮, Account Number ▮▮▮▮▮.

9.   Citibank is in possession of $59,639.12 that is my property.

10.  Citibank will likely transfer the funds to the unknown perpetrators of the fraud if this Court does not intervene to enjoin Citibank from transferring the funds to the perpetrators of the fraudulent "Cashier's Check" scheme.

11.  All of the allegations of the Complaint and Motion for Preliminary Injunction filed by me in this case are true.

I declare under penalty of perjury that the foregoing statements are true.

_____
Gary M. Bowman

9 September 2020
Date

**VIRGINIA:**

## IN THE CIRCUIT COURT OF THE CITY OF ROANOKE

GARY M. BOWMAN,                              )    Case No.
                                             )    CL 20-2026
    Plaintiff,                       )
                                             )
v.                                           )
                                             )
CITIBANK, N.A.,                              )
                                             )
    Defendants.                      )

### TEMPORARY RESTRAINING ORDER

CAME THIS DAY the plaintiff, Gary M. Bowman, by counsel, who moved this Court to enter a Preliminary Injunction in his favor prohibiting Citibank, N.A. from paying out $108,485.04 of the funds that were transferred to Routing Number ▮▮▮▮▮▮, Account Number ▮▮▮▮▮▮ on September 3, 2020, pending further Order of this Court.

UPON CONSIDERATION WHEREOF, it appearing to the Court that grounds exist to enjoin Citibank from paying out $108,485.04 of the funds that were transferred to Routing Number ▮▮▮▮▮▮, Account Number ▮▮▮▮▮▮ on September 3, 2020, it is hereby

ORDERED, ADJUDGED, and DECREED that Citibank be and is hereby restrained and enjoined from paying out $108,485.04 of the funds that were transferred to Routing Number ▮▮▮▮▮▮, Account Number ▮▮▮▮▮▮ on September 3, 2020. This Temporary Restraining Order will remain in effect for ten days from the date of entry of this Order.

The Clerk is directed to certify a copy of this Order to Counsel of Record.

1

DATE: September 9, 2020

ENTER: Onalee Ware

I ASK FOR THIS:

Gary M. Bowman, Esq.
VSB No. 28866
2728 Colonial Ave., Ste. 100
Roanoke, Virginia 24015
Tel: (540) 343-1173
    *Pro Se*

A COPY TESTE BRENDA S. HAMILTON, CLERK
By _____ Deputy Clerk

**2**

# SUBPOENA DUCES TECUM (CIVIL) –
**ATTORNEY ISSUED** VA. CODE §§ 8.01-413, 16.1-89, 16.1-265;
Commonwealth of Virginia Supreme Court Rules 1:4, 4.9

Case No.: CL20-2026

HEARING DATE AND TIME

ROANOKE CIRCUIT COURT ........... Court

2D FLOOR, 315 W. CHURCH AVE., ROANOKE VA 24016
COURT ADDRESS

GARY M. BOWMAN *v./In re:* CITIBANK, N.A.

## TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:

You are commanded to summon

CITIBANK, N.A.
NAME

c/o Legal Svcs., Subpoena Compliance Dept., 5800 S. Corporate Place, Mail Code 451
STREET ADDRESS

| Sioux Falls | SD | 57108 |
|---|---|---|
| CITY | STATE | ZIP |

**TO the person summoned:** You are commanded to make available the documents and tangible things designated and described below:

1. Any and all documentation or information provided to you, or otherwise in your possession, as Customer Identification Program information regarding the identity of the person or persons who opened and used your Account No. 35320321.
2. Any and all documentation provided to you, or otherwise in your possession, as Customer Identification Program information regarding the identity of your customer UBA B. PLC.
3. Any and all documentation provided to you, or otherwise in your possession, as Customer Identification Program information regarding the identity of your customer Holarem N, Ltd. or Holarem N Ltd.
4. A copy of all statements, deposits, checks, wire transfer documents relating to transactions in Account No. 35320321.

Law Office of Gary M. Bowman, 2728 Colonial Ave.,
at Ste. 100 Roanoke VA 24015 at 10:00 a.m., Sept. 16, 2020
LOCATION DATE AND TIME

to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such tangible things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of

GARY M. BOWMAN
PARTY NAME

| GARY M. BOWMAN, ATTORNEY AT LAW | 28866 |
|---|---|
| NAME OF ATTORNEY | VIRGINIA STATE BAR NUMBER |
| 2728 COLONIAL AVE., STE. 100 | (540) 343-1173 |
| OFFICE ADDRESS | TELEPHONE NUMBER OF ATTORNEY |
| ROANOKE VA 24015 | gary@garymbowman.com |
| OFFICE ADDRESS | FACSIMILE NUMBER OF ATTORNEY |
| September 9, 2020 | |
| DATE ISSUED | SIGNATURE OF ATTORNEY |

**Notice to Recipient:** See page two for further information.

## RETURN OF SERVICE (see page two of this form)

**TO the person summoned:**

If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

---

☐ **This SUBPOENA DUCES TECUM is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.**

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

| NAME: |
|---|
| ADDRESS: |
| ☐ PERSONAL SERVICE | Tel. No. |

Being unable to make personal service, a copy was delivered in the following manner:

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

☐ Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

☐ NOT FOUND _____, Sheriff

_____ by _____, Deputy Sheriff
DATE

## CERTIFICATE OF COUNSEL

I, _____ GARY M. BOWMAN _____, counsel for _____ PLAINTIFF _____, hereby certify

that a copy of the foregoing subpoena duces tecum was _____ MAILED _____
                                                          DELIVERY METHOD

to _____ SUBPOENA COMPLIANCE DEPT. _____ , ~~counsel of record~~ for _____ CITIBANK, N.A. _____,

on the _____ 25TH _____ day of _____ OCTOBER _____, _____ 2019 _____ .

_____
SIGNATURE OF ATTORNEY

**NOTICE:** Upon receipt of the subpoenaed documents, the requesting party must, if requested, provide true and full copies of those documents to any other party or to the attorney for any other party, provided the other party or attorney for the other party pays the reasonable cost of copying or reproducing those documents. This does not apply when the subpoenaed documents are returnable to and maintained by the clerk of the court in which the action is pending. Va. Code § 8.01-417

FORM DC-498 (MASTER, PAGE TWO OF TWO) 07/04